## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1130 |
| v. | ) ) | |
| DESIGN TECHNOLOGIES | ) ) | |
| and | ) ) | |
| VINCENT ZAPPOLA, individually and   d/b/a Design Technologies | ) ) ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO
## APPEAR PRO HAC VICE

Kent G. Cprek, currently being an active member in good standing of the Bar of this Court and acting as counsel on behalf of Plaintiff in the above-styled action, respectfully applies to this Court for permission for Philip A. Lozano to appear *pro hac vice* and participate in the above-captioned action, including court proceedings, on behalf of Plaintiff. In support thereof, the undersigned states as follows:

1.      Philip A. Lozano is associated with the law firm of Jennings Sigmond whose offices are located at The Penn Mutual Towers, 16th Floor, 510 Walnut Street, Philadelphia, PA 19106-3683, which represents Plaintiff in this case.

2.      Philip A. Lozano graduated from Temple University, Beasley School of Law in 2006. He is a member in good standing and admitted to practice in Pennsylvania and before the United States District Court for the Eastern District of Pennsylvania. Mr. Lozano is not currently

193711-1

suspended or disbarred in any court.

     3.     Mr. Lozano's practice is devoted entirely to the representation of multiemployer funds such as the Plaintiff Fund and he has been practicing in this area of the law for approximately eight months.

     4.     Kent G. Cprek, a member of Jennings Sigmond has entered his appearance as local counsel for Plaintiff.

     WHEREFORE, Kent G. Cprek requests that this Court grant leave for Philip A. Lozano to appear *pro hac vice* during these proceedings.

Respectfully submitted,

JENNINGS SIGMOND

BY: /s Kent G. Cprek
     KENT G. CPREK
     D.C. Bar No. 478231
     The Penn Mutual Towers, 16th Floor
     510 Walnut Street, Independence Square
     Philadelphia, PA 19106-3683
     (215) 351-0615

     Counsel for Plaintiff

Dated: February 22, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-1130 |
| v. | ) ) | |
| DESIGN TECHNOLOGIES | ) ) | |
| and | ) ) | |
| VINCENT ZAPPOLA, individually and d/b/a Design Technologies | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Upon consideration of this Motion For Leave to Appear Pro Hac Vice, it is this

_____ day of _____, 2008:

ORDERED that Philip A. Lozano may appear *pro hac vice* during the proceedings in the

above-styled action.

BY THE COURT

Date:_____        By: _____

Colleen Kollar-Kotelly,            J.
United States District Judge

193711-1

Copies of this Order shall be sent to:

Philip A. Lozano, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA  29206-3683

DESIGN TECHNOLOGIES
888 Huguenot Avenue
 Staten Island, NY  10312

And

VINCENT ZAPPOLA
D/B/A DESIGN TECHNOLOGIES
888 Huguenot Avenue
 Staten Island, NY  10312

193711-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 07-1130 |
| v. | ) ) | |
| DESIGN TECHNOLOGIES | ) ) | |
| and | ) ) | |
| VINCENT ZAPPOLA, individually and d/b/a Design Technologies | ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF PHILIP A. LOZANO IN SUPPORT OF
## MOTION FOR LEAVE TO APPEAR PRO HAC VICE

Philip A. Lozano states as follows:

1.    My name is Philip A. Lozano.

2.    I am an associate of the law firm of Jennings Sigmond, The Penn Mutual Towers, 16th Floor, 510 Walnut Street, Philadelphia, PA 19106-3683, Telephone: 215-351-0669.

3.    I am an attorney duly licensed to practice law in the Commonwealth of Pennsylvania and have been admitted to practice law before the Supreme Courts of the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania.

4.    I am a member in good standing of the bar of the Commonwealth of Pennsylvania

193711-1

and I have never been disciplined by any bar.

5.      I have been admitted pro hac vice in the United States District Court for the

District of Columbia on one previous occasion.

6.      I have submitted an application for membership to the District of Columbia Bar

and my application is pending.

7.      I have been retained as counsel for the Plaintiff in this matter.

8.      I have familiarized myself with the United States District Court for the District of

Columbia Local Rules of Civil Procedure.

9.      I hereby seek admission in this Court *pro hac vice* to represent Plaintiff.

I declare under penalty of perjury in accordance
with 28 U.S.C. §1746 that the foregoing is true and
correct to the best of my knowledge, information
and belief

Dated: February 22, 2008                By:_____

                                        PHILIP A. LOZANO

193711-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 07-1130 (CKK) |
| DESIGN TECHNOLOGIES | ) ) | |
| and | ) ) | |
| VINCENT ZAPPOLA, individually and d/b/a Design Technologies | ) ) ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), by their legal counsel, file this Supplemental Memorandum in Support of Plaintiffs' Motion for Entry of Default Judgment against Defendants, Design Technologies ("Company") and Vincent Zappola ("Individual Defendant" and together with Company, "Defendants") in order to provide the information requested by the Court in the Minute Order entered on February 21, 2008.

Attached as Exhibit 1 to this Memorandum is §10.12 of the International Painters and Allied Trades Industry Pension Plan.

192262-1

For the reasons set forth in Plaintiffs' Motion for Entry of Default Judgment, Plaintiffs hereby renew their request for default judgment.


Respectfully submitted,


JENNINGS SIGMOND

BY: /s Kent G. Cprek
   KENT G. CPREK
   D.C. Bar No. 478231
   The Penn Mutual Towers, 16th Floor
   510 Walnut Street, Independence Square
   Philadelphia, PA 19106-3683
   (215) 351-0615

   Counsel for Plaintiff

Dated: February 22, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to Appear *Pro Hac Vice*

and proposed Order were transmitted via first class mail, postage prepaid on the date set forth

below to:

DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312

And

VINCENT ZAPPOLA
D/B/A DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312

/s Kent G. Cprek
KENT G. CPREK

DATE: February 22, 2008

193711-1

## CERTIFICATE OF SERVICE

I, Philip A. Lozano, Esquire, state under penalty of perjury that I caused a copy of the

foregoing Supplemental Memorandum in Support of Plaintiffs' Motion for Entry of Default

Judgment to be served via First Class Mail, postage prepaid on the date and to the address below:


DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312

And

VINCENT ZAPPOLA
D/B/A DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312


s/  Philip A. Lozano
PHILIP A. LOZANO, ESQUIRE


Date: February 22, 2008




**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE
FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTE**


192262-1

## IUPAT INDUSTRY PENSION PLAN    PAGE 65

months of the posting of the bond. If the Employer fails to do so, the bond shall be forfeited and the Employer will not be permitted to resume status as an Employer.

(c) If the Employer satisfies the foregoing conditions and once again is allowed to participate on that basis, the bond will be returned if reports and contributions remain current for a period of one year following reinstatement.

(d) The Trustees and the Union retain the right to enforce payment of delinquencies in accordance with other provisions of this Plan, the Trust Agreement, the applicable Collective Bargaining Agreement or Participation Agreement and applicable law.

*Section 10.12 Collection of Delinquent Contributions*

(a) In the case of a Contributing Employer that fails to make the contributions to the Plan for which it is obligated, in accordance with the terms and conditions of a collective bargaining agreement, the Trustees may bring an action on behalf of the Plan pursuant to ERISA 502(g)(2) to enforce the Contributing Employer's obligation.

(b) In any such action in which judgment is awarded in favor of the Plan, the Contributing Employer shall pay to the Plan, in accordance with the court's award:

    (1)    the unpaid contributions,

    (2)    interest on the unpaid contributions, determined at the rate for underpayment of federal income taxes under IRC 6621

    (3)    liquidated damages equal to the greater of

        (A)    the amount of interest charged on the unpaid contributions, or

        (B)    20 percent of the unpaid contributions,

    (4)    reasonable attorneys' fees and costs of the action, and

    (5)    such other legal or equitable relief as the court deems appropriate.

(c) Nothing in this section shall be construed as a waiver or limitation on the rights or ability of the Plan, Trustees or Union to enforce a Contributing Employer's contribution obligation in any other type of proceeding.



EXHIBIT

1