IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
)
     Plaintiff, )  CIVIL ACTION
)
v. )  NO. 07-1130 (CKK)
)
DESIGN TECHNOLOGIES )
)
  and )
)
VINCENT ZAPPOLA, individually and )
 d/b/a Design Technologies )
)
     Defendants. )

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund

("Pension Fund" or "Plaintiff"), by their legal counsel, file this Supplemental Memorandum in

Support of Plaintiffs' Motion for Entry of Default Judgment against Defendants, Design

Technologies ("Company") and Vincent Zappola ("Individual Defendant" and together with

Company, "Defendants") in order to provide the information requested by the Court in the

Minute Order entered on February 21, 2008.

Attached as Exhibit 1 to this Memorandum is §10.12 of the International Painters and

Allied Trades Industry Pension Plan.

192262-1

For the reasons set forth in Plaintiffs' Motion for Entry of Default Judgment, Plaintiffs

hereby renew their request for default judgment.

Respectfully submitted,

JENNINGS SIGMOND

BY: /s Kent G. Cprek
    KENT G. CPREK
    D.C. Bar No. 478231
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street, Independence Square
    Philadelphia, PA 19106-3683
    (215) 351-0615

    Counsel for Plaintiff

Dated: February 22, 2008

## CERTIFICATE OF SERVICE

I, Philip A. Lozano, Esquire, state under penalty of perjury that I caused a copy of the

foregoing Supplemental Memorandum in Support of Plaintiffs' Motion for Entry of Default

Judgment to be served via First Class Mail, postage prepaid on the date and to the address below:


DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312

And

VINCENT ZAPPOLA
D/B/A DESIGN TECHNOLOGIES
888 Huguenot Avenue
Staten Island, NY  10312


s/  Philip A. Lozano
PHILIP A. LOZANO, ESQUIRE


Date: February 22, 2008


**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE
FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTE**


192262-1

months of the posting of the bond. If the Employer fails to do so, the bond shall be forfeited and the Employer will not be permitted to resume status as an Employer.

(c) If the Employer satisfies the foregoing conditions and once again is allowed to participate on that basis, the bond will be returned if reports and contributions remain current for a period of one year following reinstatement.

(d) The Trustees and the Union retain the right to enforce payment of delinquencies in accordance with other provisions of this Plan, the Trust Agreement, the applicable Collective Bargaining Agreement or Participation Agreement and applicable law.

*Section 10.12  Collection of Delinquent Contributions*

(a) In the case of a Contributing Employer that fails to make the contributions to the Plan for which it is obligated, in accordance with the terms and conditions of a collective bargaining agreement, the Trustees may bring an action on behalf of the Plan pursuant to ERISA 502(g)(2) to enforce the Contributing Employer's obligation.

(b) In any such action in which judgment is awarded in favor of the Plan, the Contributing Employer shall pay to the Plan, in accordance with the court's award:

    (1)    the unpaid contributions,

    (2)    interest on the unpaid contributions, determined at the rate for underpayment of federal income taxes under IRC 6621

    (3)    liquidated damages equal to the greater of

        (A)    the amount of interest charged on the unpaid contributions, or

        (B)    20 percent of the unpaid contributions,

    (4)    reasonable attorneys' fees and costs of the action, and

    (5)    such other legal or equitable relief as the court deems appropriate.

(c) Nothing in this section shall be construed as a waiver or limitation on the rights or ability of the Plan, Trustees or Union to enforce a Contributing Employer's contribution obligation in any other type of proceeding.

