UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>    Plaintiff,<br><br>    v.<br><br>DESIGN TECHNOLOGIES<br><br>    and<br><br>VINCENT ZAPPOLA, individually and d/b/a Design Technologies<br><br>    Defendants. | Civil Action No. 07-1130 (CKK) |

**MEMORANDUM OPINION**
(November 5, 2008)

Plaintiff International Painters and Allied Trades Industry Pension Fund (the "Fund" or "Plaintiff") brought this action to collect payments owed by Defendants, Design Technologies and Vincent Zappola. Having received no response from Defendants to the instant lawsuit, Plaintiff moved for default judgment against Defendants for unpaid contributions, liquidated damages, interest, late charges, and attorney's fees and costs, as well for injunctive relief. The Court granted Plaintiff's motion for default judgment, but reserved on the issue of Plaintiff's request for attorney's fees and costs. Plaintiff's supporting documentation appeared to indicate that the total amount of attorney's fees requested by Plaintiff in its motion for default judgment included not only fees incurred in connection with the instant matter, but also fees associated with an earlier lawsuit. The Court therefore required Plaintiff to submit additional information to the Court regarding its request for attorney's fees. Plaintiff, however, failed to timely file the required information. Having heard

no further from Plaintiff, despite the passing of the deadline for submission of Plaintiff's response, the Court subsequently denied Plaintiff's motion for default judgment insofar as it requested attorney's fees and costs.

Currently pending before the Court is Plaintiff's Motion for Reconsideration of Order of May 16, 2008 Denying Plaintiff's Motion for Default with Respect to Attorney's Fees ("Pl.'s Mot."). *See* Docket No. [16]. After a thorough review of Plaintiff's motion and the applicable case law, the Court shall deny Plaintiff's motion for reconsideration for the reasons that follow.

## I. BACKGROUND

Plaintiff filed its complaint in the instant matter on June 25, 2007, alleging that Defendants had failed to pay the Fund amounts due under Defendants' union contracts and other related agreements. *See* Complaint ("Compl."), Docket No. [1], ¶¶ 12-18, 27-33. Plaintiff also alleged that Defendants had not permitted the Fund to audit Defendants' books and records and had failed to file monthly remittance reports, as required under the terms of the parties' agreements and the applicable law. *Id.* ¶¶ 19-26. As set forth in the complaint, Plaintiff sought an award of unpaid contributions, liquidated damages, interest, late charges, and attorney's fees and costs, as well injunctive relief against Defendants. *See id.* ¶¶ 12-37.

The complaint was served on Defendants on August 28, 2008. *See* Return of Service/Affidavit of Summons and Complaint Executed as to Design Technologies, Docket No. [5]; Return of Service/Affidavit of Summons and Complaint Executed as to Vincent Zappola, Docket No. [6]. Pursuant to Federal Rule of Civil Procedure 12, Defendants were required to serve an answer by September 17, 2007. FED. R. CIV. P. 12(a)(1)(A)(i) (requiring defendant serve an answer withing twenty days after being served with the summons and complaint). Having received no response from Defendants, the Clerk of the Court entered default against Defendants on September

18, 2007, upon motion by Plaintiff.  *See* Clerk's Entry of Default, Docket No. [8].  Defendants did not file any response to the entry of default.  Plaintiff subsequently filed a motion for default judgment against Defendants.  *See* Plaintiff's Motion for Entry of Default Judgment ("Pl.'s Mot. for Def. J."), Docket No. [9].  Specifically, Plaintiff sought an order of default judgment against Defendants for: (a) unpaid contributions in the amount of $68,372.37; (b) interest on the delinquent contributions in the amount of $7,034.39; (c) late charges on the delinquent contributions in the amount of $3,431.88; (d) liquidated damages totaling $16,804.77; (e) attorney's fees and costs in the amount of $31,877.99; (f) injunctive relief restraining Defendants from refusing to file remittance statements and to permit audits of Defendants' book and records; and (g) an order requiring Defendants to produce its records for an audit.  *Id.* at 4-9.

On April 24, 2008, the Court granted Plaintiff's motion for default judgment against Defendants, but reserved on Plaintiff's request for attorney's fees.  *See* Order, April 24, 2008, Docket No. [13] ("April 24, 2008 Order").  By minute order dated the same day, the Court advised Plaintiff that it had reviewed Plaintiff's request for attorney's fees, as set forth in its motion for default judgment, and determined that the total amount of attorney's fees requested by Plaintiff appeared to include both fees associated with the instant lawsuit as well as fees associated with an earlier lawsuit brought by Plaintiff against Defendants.  *See* Minute Order, Apr. 24, 2008 ("April 24, 2008 Minute Order").  The Court further noted that the latter claim for attorney's fees did not appear to be included in Plaintiff's complaint in this case, and that Plaintiff had not precisely broken out the attorney's fees associated with litigating the instant lawsuit.  *Id.*  The Court therefore ordered Plaintiff to submit to the Court a list of the fees associated with litigating the instant case and—in the event that Plaintiff believed it was entitled to attorney's fees in connection with its efforts in the previous lawsuit—legal authority in support of that claim.  *Id.*  Plaintiff failed to do so

by the deadline set by the Court, May 8, 2008. *See* May 16, 2008 Order, Docket No. [14] ("May 16, 2008 Order"). Accordingly, the Court issued an order, on May 16, 2008, denying Plaintiff's motion for default judgment insofar as it requested attorney's fees. *See id.*

On May 29, 2008, Plaintiff filed the current motion for reconsideration of the May 16, 2008 Order, which denied Plaintiff's motion for default judgment with respect to its request for attorney's fees. *See* Pl.'s Mot. In its motion for reconsideration, Plaintiff acknowledges that it failed to timely respond to the April 24, 2008 Minute Order requiring Plaintiff to provide additional information to the Court as to Plaintiff's request for attorney's fees. *See* Pl.'s Mot., Att. 2 (Memorandum in Support ("Pl.'s Memo.")) at 2. Plaintiff explained that its failure to do so was "not intentional and was occasioned by a period of staff changes and backlog that unfortunately led two busy reviewers to rely on the other and miss the email notice [of the April 24, 2008 Minute Order]." *Id.*

In its motion for reconsideration, Plaintiff also belatedly provides the Court with the requested information concerning Plaintiff's request for attorney's fees. *See id.* at 6. As the additional detail shows, Plaintiff had in fact erroneously included, in its original request for attorney's fees and costs, fees incurred in connection with matters not clearly raised in the complaint in this case. Pl.'s Mot. at 2. Specifically, Plaintiff explains that, of the $31,877.99 originally requested for attorney's fees and costs, only $7,418.15 is directly associated with litigation of the case at hand. *Id.* at 4. The remaining amounts are attributable to work done in connection with an earlier lawsuit as well as previous efforts to audit Defendants' books and records. *Id.* at 4. Recognizing that the latter amounts had not been included in the complaint in this case, Plaintiff states that it now seeks an award only as to the $7,418.15 in attorney's fees incurred in connection with this lawsuit and that the Fund withdraws any requests for other fees. *Id.*

Plaintiff appears to primarily argue that the Court should grant its motion for reconsideration because a denial of attorney's fees in this case "may substantially or entirely eviscerate the current judgment, reward Defendants for their own default and deny the Court's judgment the respect it is due." *See* Pl.'s Memo. at 2-3.  The Fund asserts that it has not yet been able to obtain an audit of Defendants' books and records, despite court orders. *Id.*  Given Defendants' history of non-compliance with both their own labor and related agreements as well as court orders, Plaintiff contends that the denial of attorney's fees "will primarily reward a non-compliant Defendant and encourage contempt and disregard of the Court's judgment in this case." *Id.* at 2-3, 5.  Accordingly, Plaintiff argues that the "interests of justice" favor reconsideration of the May 16, 2008 Order denying Plaintiff's motion for default judgment insofar as it requested attorney's fees. *Id.* at 2-3.

In its motion for reconsideration, Plaintiff also expresses concern that the May 16, 2008 Order "may preclude [Plaintiff] from recovering, not only fee and costs to date, but also additional fees and costs incurred in enforcing the Court's current judgment."  Pl.'s Mot. at 3.  Plaintiff therefore requests that the Court alter the May 16, 2008 Order to explicitly hold that the Fund is permitted to seek recovery of any additional attorney's fees and costs that may be incurred in the future by Plaintiff in enforcing the Court's judgment against Defendants. *Id.* at 4.

In the alternative, the Fund requests that—in the event the Court denies its request to reconsider the May 16, 2008 Order—the Court clarify that the May 16, 2008 Order is limited to a denial of attorney's fees and costs in this case only, and is not intended to preclude the Fund from collecting attorney's fees and costs associated with other judicial proceedings.[1]  *Id.* at 6-7.

---

[1]Plaintiff first filed a complaint against Defendants in the United States District Court for the District of Columbia on November 8, 2004.  Pl.'s Memo. at 5.  That case, captioned *International Painters and Allied Trades Industry Pension Fund, et al. v. Design Technologies, et al.*, Civ No. 04-1942, was assigned to Judge Richard J. Leon, who subsequently entered a

Specifically, Plaintiff seeks clarification that the May 16, 2008 Order is not intended to "impair enforcement" of either: (a) a default judgment awarded to the Fund on May 21, 2005 by Judge Richard J. Leon of the United States District Court for the District of Columbia in an action captioned *International Painters and Allied Trades Industry Pension Fund, et al. v. Design Technologies, et al.*, Civ No. 04-1942 (RJL), *id.* at 5, 6-7; *see also id.*, Att. 4 (Exhibit 1); or (b) a joint stipulation between the Fund and Defendants, executed on November 21, 2005, in which Defendants agreed to pay the principal balance of the May 21, 2005 default judgment and submit to an audit, *id.* at 6-7; *see also id.*, Att. 6 (Exhibit 3).

## II.  LEGAL STANDARD

The Court notes at the outset that Plaintiff does not clearly delineate the appropriate standard of review applicable to Plaintiff's motion.  Although Plaintiff primarily frames its motion as a motion for reconsideration, Plaintiff alternatively references the standard for setting aside default judgments under Federal Rule of Civil Procedure 60(b) and the standard for altering or amending a final judgment or order under Federal Rule of Civil Procedure 59(e).  *See generally* Pl.'s Memo.  Plaintiff also appears to assert, in passing and without support, that the Court should grant its motion based upon "the interests of justice" and/or a "balancing of the equities."  *See id.* at 2, 4.

Despite the lack of clarity in Plaintiff's briefing, the Court finds that Plaintiff's motion for

---

default judgment and order against Defendants on May 21, 2005.  *Id.*  Judge Leon's May 21, 2005 order included an award of $2,605.35 in attorney's fees and costs.  *Id.*  On November 21, 206, counsel for both Plaintiff and Defendants executed a joint stipulation in which Defendants agreed to pay the principal balance of the May 21, 2005 default judgment.  *Id.* at 6.  After resolution of the lawsuit before Judge Leon, Plaintiff learned of additional delinquent contributions owed by Defendants to the Fund, and filed the instant action to obtain a judgment for those amounts, as well as a renewed audit demand.  *Id.*

reconsideration is properly construed as a motion to alter or amend a final judgment pursuant to Federal Rule of Civil Procedure 59(e) and shall therefore evaluate Plaintiff's motion under the applicable Rule 59(e) standards. Plaintiff is not asking the Court to set aside or vacate the award of default judgment against Defendants, but rather is asking the Court to "reconsider" its order denying Plaintiff's motion for default judgment as to its request for attorney's fees. As a general rule, courts treat such motions for reconsideration as a "[Fed. R. Civ. P.] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003) (internal quotations omitted); *see also Harrison v. Lappin*, 510 F. Supp. 2d 153, 155 (D.D.C. 2007) ("[T]he Court construes this motion for reconsideration as one filed under Rule 59(e) of the Federal Rules of Civil Procedure.") (citing *Derrington-Bey v. Dist. of Columbia Dep't of Corrections*, 39 F.3d 1224, 1225-27 (D.C. Cir. 1994) (treating motion for reconsideration as a Rule 59(e) motion if it is filed within 10 days of entry of the challenged order); *Turner v. Dep't of Interior*, Civ. No. 05-1543, 2007 WL 2982722 at * 1 (D.D.C. Oct. 12, 2007) ("The Court construes plaintiff's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure."). While over 10 calendar days passed between the entry of the May 16, 2008 Order and Plaintiff's motion for reconsideration, which was filed on May 29, 2008, calendar days are not controlling. Instead, Rule 6(a) of the Federal Rules of Civil Procedure dictates that, when a time period specified under the Federal Rules is less than 11 days, intermediate Saturdays, Sundays, and legal holidays should be excluded in the computation of the relevant time period. FED. R. CIV. P. 6(a); *see also Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 21 n.1 (D.D.C. 2004). In addition, the day the judgment was entered is excluded from the computation of time, while the day the motion was filed is included. FED. R. CIV. P. 6(a). Because Plaintiff filed its motion for reconsideration on May 29, 2008, less

than 10 days—as computed by Federal Rule of Civil Procedure 6(a)—had passed between the filing and the May 16, 2008 Order. Accordingly, the Court construes Plaintiff's motion for reconsideration as one filed under Rule 59(e).

"Motions under Rule 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curium) (internal quotations omitted); *see also Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Moreover, "the reconsideration and amendment of a previous order [pursuant to Rule 59(e)] is an unusual measure." *City of Moundridge v. Exxon Mobil Corp.*, 444 F.R.D. 10, 11-12 (D.D.C. 2007) (quoting *El-Shifa Pharm. Indus. v. United States*, Civ. No. 01-731, 2007 WL 950082, at *1 (D.D.C. Mar. 28, 2007)); *see also Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) ("A motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted."). Rule 59(e) motions are not granted if the court suspects the moving party is using the motion to assert arguments that could have been raised prior to final judgment. *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)). The case law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Co.'s v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom.*

### III.  DISCUSSION

*A.     Motion to Alter or Amend the Court's Final Order Pursuant to Rule 59(e)*

Plaintiff argues that its motion for reconsideration should be granted based upon the "availability of new evidence" and the "need to correct . . . manifest injustice."[2]  Pl.'s Memo. at 4.  The Court will examine each argument in turn.

*1.     Availability of New Evidence*

Plaintiff contends that the Court should alter or amend the May 16, 2008 Order based upon the provision by Plaintiff's counsel of "additional evidence regarding the attorney's fees and costs and Defendants' history."  Pl.'s Memo. at 4.  New evidence, as that term is used in Rule 59(e), means evidence which "is newly discovered or previously unavailable despite the exercise of due diligence."  *Niedermeier,* 153 F. Supp. 2d at 29 (citing *Alton & S. Ry. Co. v. Bhd. of Maint. of Way Employees*, 899 F. Supp. 646, 648 (D.D.C. 1995), *aff'd*, 72 F.3d 919 (D.C. Cir. 1995)).  A Rule 59(e) motion is not intended to be a vehicle for the introduction of evidence that was "available but not offered at the original motion or trial."  *Natural Res. Def. Council, Inc. v. United States Envt'l Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989); *see also City of Moundridge*, 444 F.R.D. at 13.

Despite Plaintiff's claim that it is providing the Court with "additional evidence," Plaintiff has not presented any evidence that can be appropriately characterized as "newly discovered or previously unavailable despite the exercise of due diligence."  *Niedermeier,* 153 F.

---

[2]Plaintiff concedes that there has been no "intervening change in controlling law," *see* Pl.'s Memo. at 4, the third factor considered in reviewing a Rule 59(e) motion.  *See Anyanwutaku,* 151 F.3d at 1057 (a court need not grant a Rule 59(e) motion unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice'") (quoting *Firestone*, 76 F.3d at 1208).

Supp. 2d at 29 (internal citations omitted).  Rather, the information provided by Plaintiff consists entirely of facts that Plaintiff was aware of, or could have easily discovered, before the May 8, 2008 deadline for filing its response to the Court's request for additional detail concerning Plaintiff's attorney's fees.  First, Plaintiff attaches to its motion for reconsideration an accounting of the attorney's fees and costs it incurred in litigating this case.  *See* Pl.'s Memo. at 4.  As shown by Plaintiff's own accounting, however, the last entry for attorney's fees and costs at issue is April 1, 2008, ***more than a month before the May 8, 2008 deadline***.  *See id.*, Att. 9 (Exhibit 6).  Second, Plaintiff provides a short narrative of this case and Defendants' history of non-compliance with both its own labor agreements and judicial orders.  *See* Pl.'s Memo. at 4-6.  Review of this information demonstrates, however, that Plaintiff is simply describing events that occurred well before the May 8, 2008 Court-ordered deadline.  *See id.*  Thus, all of Plaintiff's allegedly new evidence was previously available to Plaintiff and could have been timely submitted to the Court if Plaintiff had exercised due diligence.  Plaintiff implicitly admits as much, acknowledging that the only reason it failed to produce the additional detail regarding attorney's fees and costs to this Court by the May 8, 2008 deadline was because of an unintentional oversight by staff—not because the evidence requested by the Court, and now provided by Plaintiff, was not previously available.  *See id.* at 2.  Put simply, the evidence offered by Plaintiff is not "new" evidence, but information that could have been timely provided to the Court.  Having failed to provide the evidence the first time around, Plaintiff cannot now use a Rule 59(e) motion to take a second bite at the apple.

        2.     *The Need to Correct Manifest Injustice*

Plaintiff also contends that the Court should alter or amend the May 16, 2008 Order denying attorney's fees because "[i]n this factual context, it would be manifestly unjust to allow

Defendants to continue to disregard the authority of this Court without paying the costs incurred as a result of their failure to comply with court orders and their obligations under the Labor Contract(s)." Pl.'s Memo. at 4. Although "courts have not precisely defined what constitutes 'manifest error,'" *Piper*, 312 F. Supp. 2d at 22-23 (internal citations omitted), the D.C. Circuit has indicated that "manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (internal quotations omitted); *cf Taylor,* 268 F. Supp. 2d at 35 (holding that Rule 59(e) motions are not intended to permit a party to assert facts or argument that could have been raised prior to final judgment) (internal citations omitted). Plaintiff admits receiving timely notice of the April 24, 2008 Minute Order requiring submission of additional information regarding attorney's fees by May 8, 2008. As already discussed above, that information was available for Plaintiff to provide to the Court, but Plaintiff failed to do so because of an oversight by counsel. Rule 59(e) motions, however, are not intended to provide Plaintiff with "a second opportunity to . . . bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Co.'s,* 173 F.R.D. at 3.

Hyperbole aside, Plaintiff has not shown how the Court's denial of attorney's fees totaling $7,418.15—based upon the Plaintiff's own failure to timely provide a response as required by Court order—is a "manifest injustice," particularly given that the Court otherwise fully granted Plaintiff's motion for default judgment against Defendants.[3] Accordingly, Plaintiff

---

[3] Plaintiff's citation to *Ali v. Mid-Atlantic Settlement Serv., Inc.,* 235 F.R.D. 1 (D.D.C. 2006) is inapposite. *See* Pl.'s Memo. at 4. Although *Ali* does involve a motion for reconsideration, Plaintiff cites the opinion–not for the standards upon which a motion for reconsideration should be granted–but for the decision's analysis of the substantive standards for authorizing sanctions under Federal Rule of Civil Procedure 11(b). *See id*. Plaintiff has never moved for the imposition of monetary sanctions in this case, and its reliance on *Ali's* Rule 11(b)

has not shown the existence of newly discovered or previously unavailable evidence that would warrant alteration or amendment of the Court's final order under Rule 59(e), nor has Plaintiff shown that the Court's denial of the attorney's fees and costs at issue would result in a manifest injustice. Accordingly, the Court, in its discretion, shall deny Plaintiff's motion for reconsideration of the May 16, 2008 Order.

        *B.*        *Request for Clarification of the May 16, 2008 Order*

In the alternative, Plaintiff requests that the Court clarify that it did not intend the May 16, 2008 Order to "impair enforcement" of either: (a) the default judgment awarded by Judge Leon; or (b) the parties' joint stipulation. Pl.'s Memo. at 6-7. The May 16, 2008 Order states as follows: "Plaintiff's Motion for Entry of Default Judgment is DENIED insofar as it requests attorney's fees." *See* Order, May 16, 2008, at 2. Despite Plaintiff's claim that the order is ambiguous, review of the express language of the May 16, 2008 Order makes clear that the Court intended to deny only Plaintiff's request for attorney's fees as set forth in its motion for default judgment. Reference to Plaintiff's motion for default judgment in turn demonstrates that Plaintiff sought award of "$31,877.99 in attorneys' fees and costs [incurred] *in connection with this matter through October 15, 2007*." Pl.'s Mot. for Def. J., Att. 1 (Memorandum of Law) at 6 (emphasis added). When the Court's order is viewed in light of Plaintiff's request for attorney's fees and costs, as stated in its motion for default judgment, it is evident that the Court intended to deny only Plaintiff's request for "attorney's fees and costs in connection with this matter through October 15, 2007." To be sure, the May 16, 2008 Order did not contemplate or even mention the judicial proceedings before Judge Leon or the parties' joint stipulation, nor did the Court intend

---

analysis is therefore misplaced.

to preclude Plaintiff from seeking recovery for future attorney's fees and costs.[4]

    *C.     Correction of a Clerical Error in the April 24, 2008 Order*

Upon reviewing the record in this case, the Court has discovered a clerical mistake in the April 24, 2008 Order. Specifically, the April 24, 2008 Order miscalculates the total amount of the default judgment awarded to Plaintiff. *See* Order, April 24, 2008, at 2. Adding together the individual components of the total monetary award—$68,372.37 in unpaid contributions, $16,804.77 in liquidated damages, $7,034.39 in interest, and $3,431.88 in late charges—demonstrates that the total amount of the monetary award stated in the April 24, 2008 Order should read $95,643.41, not $127,521.40 as it currently states. Pursuant to Federal Rule of Civil Procedure 60(a), the Court moves *sua sponte* to correct the mistake. FED. R. CIV. P. 60(a) ("The court may correct a clerical mistake . . . whenever one is found in a . . . order. The

---

[4] Moreover, as to Plaintiff's concerns that the May 16, 2008 Order may preclude collection of future attorney's fees and costs, the April 24, 2008 Order explicitly provides as follows:

> 7. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, ***the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional*** delinquencies, interest, late fees, liquidated damages, ***attorneys' fees and costs***, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiff.
>
> 8. If Defendants fail to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and ***may at that time ask for further appropriate monetary*** and/or injunctive relief.

Order, April 22, 2008, at 3-4 (emphasis added). This language further demonstrates that the Court has not precluded Plaintiff from seeking to recover any additional fees and costs that it may incur in enforcing the Court's current judgment or in collecting on additional delinquencies.

court may do so . . . on its own, with or without notice."). The April 24, 2008 Order shall therefore be corrected to read:

> Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendants, jointly and severally, in the amount of **$95,643.41,** which consists of the following. . . ."

*See* Order, April 24, 2008, at 2.

### IV. CONCLUSION

For the foregoing reasons, the Court shall DENY Plaintiff's [16] Motion for Reconsideration of Order of May 16, 2008 Denying Plaintiff's Motion for Default with Respect to Attorney's Fees, and the April 24, 2008 Order [13] issued in this case shall be corrected to accurately reflect the total monetary award of $95,643.41. An appropriate Order accompanies this Memorandum Opinion.

November 5, 2008

                                                          /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge